UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMED J. CHOWDHURY,

    Plaintiff,

v.

AEGIS MORTGAGE CORPORATION,
and COUNTRYWIDE HOME LOANS,

    Defendants.
                                  /

Case No. 2:09-cv-11221

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING COUNTRYWIDE'S MOTION FOR JUDGMENT ON THE PLEADINGS** (docket no. 3)**, DISMISSING THE COMPLAINT AS TO COUNTRYWIDE, AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED AS TO DEFENDANT AEGIS**

## INTRODUCTION

On March 9, 2009, Plaintiff Mohammed J. Chowdhury ("Chowdhury") sued Defendants Aegis Mortgage Corporation ("Aegis") and Countrywide Home Loans (Countrywide") in state court generally alleging they defrauded him in violation of Michigan state law.  At the time the complaint was filed, Aegis was already in Chapter 11 bankruptcy and there has been no showing that Aegis was ever properly served with process in state or federal court.  On April 1, 2009, Countrywide removed the case on diversity grounds.  Then, on May 19, 2009, Countrywide moved for Judgment on the Pleadings and, Alternatively for Summary Judgment.   For the reasons stated below, the Court will grant Countrywide's motion and dismiss, with prejudice, the complaint as to Countrywide.  As it appears Aegis has never been properly served with process, the Court will order Chowdhury to show cause why the case should not be dismissed for lack of jurisdiction or want of prosecution.

**I.     FACTS AND PROCEDURAL HISTORY**

Aegis entered into a mortgage agreement with Chowdhury on November 20, 2003. Several months after originating the mortgage, Aegis sold the underlying promissory note and mortgage to Countrywide. By purchasing the mortgage, Chowdhury alleges, Countrywide bought all of Aegis's rights and liabilities in the mortgage and is liable for all of the claims against Aegis. Countrywide denies this allegation. The factual allegations in the complaint are directed against the conduct of Aegis and relate to Countrywide only insofar as it is the assignee of the mortgage. Countrywide denies most of the factual allegations indirectly asserted against it for lack of sufficient information to form a response.

In 2003, Aegis agents ("Aegis" or "agents") contacted Chowdhury about purchasing a mortgage. Aegis allegedly knew Chowdhury did not read or write English fluently and told him that he did not need an attorney; the agents would explain the mortgage and related documents to him. Throughout the process, the agents allegedly made various statements to him, the substance of which are not relevant here. The agents failed to disclose, however, other material facts also not relevant here.

As a result of these alleged "misrepresentations" and failures of disclosure, Chowdhury alleges, he entered into a mortgage he never would have entered but-for the misrepresentations. Chowdhury's reliance caused him damages including overpayment in interest, the mistaken belief that his home was worth more that $125,000 which induced him to borrow $114,000 secured by a home worth only $25,000, loss of good credit rating, loss of net worth, and emotional damages from feelings of embarrassment.

On March 9, 2009, Chowdhury filed his complaint in the Circuit Court for Wayne County, Michigan alleging various violations of state law including innocent, negligent, and fraudulent misrepresentation, violation of the Michigan Brokers, Lenders, and Servicers

2

Licensing Act and Michigan Consumer Mortgage Protection Act, breach of contract, all against both defendants, and civil conspiracy as against Countrywide only.

On April 1, 2009, Countrywide removed the matter to this Court based on diversity jurisdiction.  The Notice of Removal did not indicate that Aegis consented to, or had been contacted about consenting to, removal.  For removal to be proper, all defendants who have been served or otherwise properly joined in the action must join in the removal or file a written consent to the removal.  *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999).  At a scheduling conference held on August 5, 2009, counsel for Countrywide advised the Court that there is no evidence that Aegis was ever served with process, so the fact that Aegis did not join in removal does not deprive the Court of jurisdiction.[1]  Moreover, on August 26, 2009 counsel for Countrywide supplied the Court with a Notice of Bankruptcy indicating Aegis petitioned for bankruptcy under Chapter 11 on August 13, 2007, prior to the commencement of this action.  Generally, a bankruptcy filing operates as a stay applicable to all entities of the commencement of a lawsuit against the debtor.  *See* 11 U.S.C. § 362(a).  Since Aegis was in bankruptcy *before* the complaint was filed, the lawsuit would have been stayed as to Aegis *ab initio*, making Aegis not a "properly joined party," the consent of whom is required to remove a matter to federal court.  Furthermore, counsel for Chowdhury has never indicated to the Court that Aegis was served in this matter.  Therefore, the Court is satisfied the case was properly removed.

On May 19, 2009, Countrywide filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) and, alternatively, for Summary Judgment pursuant to  Fed. R. Civ.

---

[1] Phillip Hickey is the only attorney of record for Chowdhury.  Mr. Hickey did not attend the scheduling conference, however, and apparently sent another attorney -- who has never entered an appearance -- in his place.  That counsel did not indicate at the conference that Chowdhury had served Aegis with process.

3

P. 56(c). Although a response brief was due on June 9, 2009, the parties, on June 23, 2009, stipulated that Chowdhury would have until June 24, 2009 to file a response. Chowdhury filed an untimely response on June 25, 2009, but titled the document "Reply to Response regarding Motion to Appoint Counsel." At the scheduling conference on August 5, 2009, the Court requested that Chowdhury correct the title and told Countrywide to wait to file a reply until after the correction was made. Counsel for Chowdhury never made the correction and on October 2, 2009 Countrywide did file its reply. On October 6, 2009, the Court held a hearing on Countrywide's motion, providing the parties with an opportunity to be heard on the motion. The parties were advised in writing well in advance of the hearing. Counsel for Countrywide appeared at the hearing, but Mr. Hickey again was absent. Mr. Hickey did not secure the presence of any substitute counsel. He did not notify opposing counsel or the Court in any manner that he would not be attending the hearing. Mr. Hickey's consistent failure to appear before the Court for scheduled hearings and conferences without explanation is inexcusable and unprofessional. He does a disservice to his client, opposing counsel, the Court, and this Bar.

## II. DISCUSSION

### A. Rule 12(c) Standard

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed ... a party may move for judgment on the pleadings." A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and judgment on the merits can be achieved by focusing on the content of the competing pleadings, attached exhibits, matters incorporated into the pleadings, and any facts of which the Court may take judicial notice. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (2009). For a Rule 12(c) motion, all well-pleaded

4

material allegations of the pleadings of the opposing party must be taken as true and the motion may be granted only of the moving party is nevertheless clearly entitled to judgment. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). A Rule 12(c) motion is appropriately granted when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. *Id.* In this sense, it is similar to a motion under Rule 56(c).

A motion under 12(c) is also analyzed similarly to a motion under Rule 12(b)(6), in that the outcome turns exclusively on the pleadings. *See id.* at 550; *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). Under Rule 12(h), failure to state a claim upon which relief may be granted, may be raised by a motion under 12(c). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Sensations*, 526 F.3d at 295. Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*

**B. Analysis**

1. Misrepresentation Claims

Chowdhury alleges that Aegis engaged in innocent, negligent and fraudulent misrepresentation in providing Chowdhury with his mortgage. He alleges Countrywide is liable for the actions of Aegis insofar as it is the assignee of the mortgage. Countrywide argues, inter alia, that none of the allegations of misrepresentation relate to the conduct of Countrywide itself, and therefore, Chowdhury has failed to plead claims of misrepresentation against Countrywide.

It is axiomatic that a claim for misrepresentation requires a false statement by the defendant.  *See Hord v. Envtl. Research Inst.*, 463 Mich. 399, 404 (2000) ("Fraudulent misrepresentation, of course, requires a false representation by the defendant."); *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich. App. 14, 33 (1989) (negligent misrepresentation requires "proof that a party justifiably relied to his detriment on *information provided* without reasonable care *by one who owed the relying party a duty of care*) (emphasis added); *Phillips v. Gen. Adjustment Bureau*, 12 Mich. App. 16, 20 (1968) (innocent misrepresentation requires a false and fraudulent misrepresentation made by a party irrespective of whether the person making them acted in good faith in making them).

Here, Chowdhury's allegations of misrepresentation relate solely to the conduct of Aegis through its agents, not Countrywide.  Therefore, the complaint fails to allege that Countrywide engaged in misrepresentation and therefore fails to state any claim of misrepresentation.  Chowdhury responds that he has sufficiently pleaded the three level of misrepresentation against Aegis, and since an assignee stands in the same position as the assignor, taking all rights and liabilities of the assignor, Countrywide as assignee of the mortgage takes Aegis's liability for misrepresentation.

The cases Chowdhury cite to support his position, however, refer to rights and liabilities an assignee receives under the assignment of a *contract*, not tort liabilities the assignee would inherit from assignor under the assignment.  *See Burkhardt v. Bailey*, 260 Mich. App. 636, 653 (2004) ("Under general *contract law* ... [a]n assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses.") (citations omitted) (emphasis added); *Prof'l Rehab. Ass'n v. State Farm*, 228 Mich. App. 167, 177 (1998) (same).  Chowdhury is attempting to assert a tort claim (misrepresentation) based on the assignment of a contract, *i.e.*, the mortgage.  A tort claim

6

under Michigan law, however, cannot be premised on breach of a contractual obligation, but must be based on a duty owed the plaintiff by the defendant that is separate and distinct from the defendant's contractual obligations.  See *Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 67 (2004); *Greene v. Benefit Mortgage Corp.*, No. 08-12968, 2009 WL 56056 (E.D. Mich. Jan. 8, 2009) (Roberts, J.).  Chowdhury makes no allegation of breach of a duty separate and distinct from that Countrywide owed under the mortgage.

To conclude, Chowdhury has not alleged any misrepresentation claims against Countrywide apart from its conclusory allegation that Countrywide is liable as an assignee for the conduct of Aegis.  All the allegations regarding misrepresentation relate solely to the conduct of Aegis.  Additionally, Chowdhury cannot overcome the argument that assignee liability applies only to receipt of contractual liabilities under assignment, and since he is alleging a tort claim, he must identify a breach of a duty separate and distinct from the duty Countrywide owed him under the mortgage.  Simply put, Countrywide cannot be liable for the tortious misrepresentations of Aegis simply because it is the assignee of the mortgage. *See  Stoudt v. Alta Fin. Mortgage*, No. 08-2643, 2009 WL 661924 (E.D. Pa. March 10, 2009) (dismissing fraud claims against mortgage assignee based on common law derivative liability where assignee took no part in the solicitation, closing, or marketing on the mortgage loan and citing numerous cases in agreement).  Accordingly, Chowdhury's claims of misrepresentation as to Countrywide fail to state a claim upon which relief may be granted and will be dismissed with prejudice.

2. Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA")

7

Chowdhury alleges that Aegis and Countrywide violated the MBLSLA, M.C.L. §§ 445.1651-1684, prohibiting, inter alia, a "licensee or registrant" from engaging in "fraud, deceit, or material misrepresentation in connection with any transaction governed by [the MBLSLA.]" M.C.L. § 445.1672(b).  As stated above, Chowdhury does not allege fraudulent conduct on the part of Countrywide, and has not provided a viable theory upon which Countywide is liable for Aegis's alleged fraud.  Accordingly, Chowdhury fails to state a claim upon with relief can be granted under the MBLSLA and the count will be dismissed with prejudice.

3.  <u>Michigan Consumer Mortgage Protection Act ("CMPA")</u>

Chowdhury alleges Aegis and Countrywide violated two sections of the CMPA, M.C.L. § 445.1631-1645.  Section (3) prohibits an appraiser from directly or indirectly making any false, deceptive or misleading statement or representation in connection with a mortgage loan.  *Id.* at § 445.1634(3).  Section (7) prohibits a person from compensating an appraiser for the purpose of influencing the independent judgment of the appraiser regarding the value of the dwelling offered as security for repayment of the mortgage loan.  *Id.* at § 445.1634(7).

The CMPA does not provide a private cause of action, however.  *See Strickfaden v. Park Place Mortgage Corp.*, No. 07-15347, 2008 WL 3540079 (E.D. Mich., Aug. 12, 2008) (Edmunds, J.); *Greene v. Benefit Mortgage. Corp.*, No. 08-12968, 2009 WL 56056 (E.D. Mich., Jan. 8, 2009) (Roberts, J.).  The CMPA expressly provides for an enforcement action by the commissioner, § 445.1639, or by the attorney general or county prosecuting attorney, § 445.1640.  Nowhere in the CMPA is there provision for a private cause of action.  The presence of an enforcement mechanism by the commissioner, attorney general or county prosecutor, together with the absence of provision for a private mode of

8

enforcement indicates there is no private cause of action in the CMPA. Accordingly, the CMPA count fails to state a claim upon which relief may be granted and will be dismissed with prejudice.

    4. Breach of Contract

Chowdhury alleges breach of contract by both defendants. Aegis allegedly breached this agreement by failing to disclose material facts and making other false and misleading statements. Countrywide is assertedly liable as the assignee, as well as for its own direct breach of the contract.

To state a breach of contract claim against a defendant, a plaintiff must allege the existence of a contact between the parties, that the terms of the contract require performance of certain action, that the defendant breached the contract, and that the breach injured the plaintiff. See Webster v. Edward D. Jones & Co., L.P., 197 F.3d 815, 819 (6th Cir. 1999) (applying Michigan law). Chowdhury has not specified the "contract" at issue. At best he alleges an agreement with Aegis under which Aegis would identify financing options. Compl. ¶ 49. Assuming this is the contract at issue, however, the complaint is bereft of an allegation that this contract was between Countrywide and Chowdhury or even if it was, that Countrywide breached it.

If, however, the "contract" is the mortgage itself, the rights and duties of which Countrywide purchased from Aegis, Chowdhury has not alleged a breach of the mortgage. Therefore, Chowdhury has failed to state a claim upon which relief may be granted, and the breach of contract claim will be dismissed with prejudice.

    5. Civil Conspiracy

Finally, Chowdhury alleges a claim of conspiracy against Countrywide. Civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Temborious v. Slatkin*, 157 Mich. App. 587, 599-600 (1986). The plaintiff must prove the agreement itself, but can use circumstantial evidence to do so. *Id.* at 600. The plaintiff must also allege an underlying tort or criminal activity the co-conspirators agreed to commit. *Cousineau v. Ford Motor Co.*, 140 Mich. App. 19, 37 (1985). Conspiracy claims must be pleaded with some degree of specificity; conclusory allegations are not sufficient to state a conspiracy claim. The plaintiff must present material facts showing the existence and scope of a conspiracy. *See Payton v. City of Detroit*, 211 Mich. App. 375, 396-97 (1995).

Chowdhury's complaint fails to identify any agreement between Aegis and Countrywide to commit an underlying illegal act. It alleges simply that "[Countrywide] had a duty not to participate by purchasing a loan that was obtained by the use of false and misleading statements and the failure to disclose all material facts." Compl. ¶ 53. Chowdhury clarifies in his response brief that Countrywide engaged in a systematic pattern of dealing with Aegis, whereby Aegis fraudulently induced plaintiff and others to enter into unfavorable mortgages and Countrywide would purchase these mortgages. Aegis would then file bankruptcy and Countrywide would "reap the benefits" of these fraudulently induced mortgages without having to answer for the wrongdoing of its co-conspirator.

If this is indeed the claim Chowdhury alleges, it is not pleaded in his complaint. The complaint merely states that Countrywide breached a duty not to buy mortgages originated through fraud. At no place does it allege an "agreement" between Aegis and Countrywide to commit a tort. It simply alleges in the heading "Conspiracy," which is not sufficient to

10

plead conspiracy. *See Payton,* 211 Mich. App. at 397 (conclusory allegations of conspiracy are not sufficient for a claim of conspiracy); *see also Sensations*, 526 F.3d at 295 (plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do). Therefore, Chowdhury's claim of conspiracy fails to state a claim upon which relief may be granted and will be dismissed with prejudice.

## CONCLUSION AND ORDER

The seven counts alleged in the complaint against Countrywide fail to state claims upon which relief may be granted. Therefore, the Court will grant Defendant Chowdhury's Motion for Judgment on the Pleadings and the dismiss Chowdhury's complaint as it relates to Countrywide. Furthermore, because it appears that Aegis was never properly served, or that Aegis is not a proper party in this case because it was in bankruptcy at the time the complaint was filed, and because counsel for Chowdhury has not once indicated that Aegis was ever served with process, Chowdhury will be ordered to show cause why this case should not be dismissed for lack of jurisdiction and/or want of prosecution.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Countrywide's Motion for Judgment on the Pleadings (docket no. 3) is **GRANTED** and the complaint as to Countrywide is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that, by **October 16, 2009**, Chowdhury shall **SHOW CAUSE IN WRITING**, why the remainder of this case should not be dismissed for lack of jurisdiction and/or want of prosecution.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        Stephen J. Murphy, III
        United States District Judge

Dated: October 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager